UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY J. M.,[1] | |
| Plaintiff, | Case No. 1:24-cv-00372-DKG |
| v. | **MEMORANDUM DECISION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of his applications for disability insurance benefits and supplemental social security income. (Dkt. 1). The Court has reviewed the Complaint, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the Commissioner's decision.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On January 12, 2022, Plaintiff protectively filed Title II and Title XVI applications for disability insurance benefits and supplemental security income alleging disability beginning on February 12, 2021. (AR 13). The application was denied initially and on reconsideration.

A telephonic hearing was conducted on November 1, 2023, before Administrative Law Judge ("ALJ") Melissa Hammock, who issued an unfavorable decision on December 22, 2023.[2] (AR 13-25). Plaintiff appeared *pro se* and an impartial vocational expert testified at the hearing. (AR 13). The Appeals Council denied review, making the ALJ's decision final. On August 14, 2024, Plaintiff, again appearing *pro se*, timely filed the Complaint in this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the alleged onset date, Plaintiff was thirty-seven years of age. Plaintiff has a limited education with past relevant work as a crane operator, rigger, siding installer, mill laborer, and short order cook. Plaintiff claims he is unable to work due to degenerative disc disease of the lumbar spine status-post spinal cord stimulator implantation.

---

[2] Plaintiff was previously found not disabled on February 11, 2021, based on prior applications for disability insurance benefits and supplemental security income filed on July 1, 2019. (AR 13). With regard to the unadjudicated period subsequent to the prior ALJ's decision, the ALJ here found there had been changed circumstances and that there was new and material evidence showing a change in functional limitations. (AR 14).

MEMORANDUM DECISION AND ORDER - 2

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520 and 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 12, 2021, the alleged onset date. (AR 16). Plaintiff had worked after the alleged disability onset date, but that work did not rise to the level of substantial gainful activity. At step two, the ALJ found Plaintiff had the following medically determinable, severe impairment: degenerative disc disease of the lumbar spine status-post spinal cord stimulator implantation. (AR 16). The ALJ also found at step two, that there was no evidence of any medically determinable impairment related to depression.[3] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926. (AR 17).

---

[3] The ALJ in Plaintiff's prior disability determination found him to have a non-severe impairment of depression. (AR 16-17). The ALJ here found that Plaintiff did not allege any mental health concerns, and the current evidence does not support such a finding. (AR 17).

The ALJ next found Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following additional limitations:

> [C]laimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; he can never climb ladders, ropes, or scaffolds; he can have no exposure to unprotected heights, moving mechanical parts, or vibration; never operate a motor vehicle as part of the employment; and he requires an assistive device for ambulating and balancing carried in the dominant right hand.

(AR 17). At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (AR 22). Relying upon testimony from the vocational expert, the ALJ found at step five that jobs exist in significant numbers in the national economy that Plaintiff could perform given his age, education, work experience, and RFC, including order clerk – food and beverage, document preparer, and telemarketer. (AR 24). Thus, the ALJ determined Plaintiff was not disabled. (AR 24-25).

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision, unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires more than a mere scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**MEMORANDUM DECISION AND ORDER - 4**

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

This action was filed on August 14, 2024. (Dkt. 1). On August 15, 2024, the Court issued a procedural order (Dkt. 4), indicating that "the Federal Rules of Civil Procedure Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) govern these proceedings." On August 19, 2024, the Court granted Plaintiff's In Forma Pauperis Application. (Dkt. 7).

On October 11, 2024, Defendant timely filed a certified copy of the administrative record. (Dkt. 12). Under Rule 6 of the above-referenced Supplemental Rules, the deadline

for filing a brief in support of Plaintiff's Complaint was November 10, 2024 (30 days

after the filing of the certified copy of the administrative record). Supp. Soc. Sec. R. 6.

Plaintiff neither filed an opening brief nor sought an extension of the November 10, 2024,

deadline. On January 13, 2025, the Court issued an Order to Show Cause, outlining the

briefing requirements and stating in relevant part:

> Plaintiff has a duty to prosecute this action, and failure to do so may be
> grounds for dismissal for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *see
> also Long v. Astrue*, 416 F. App'x 633, 634 (9th Cir. 2011) (unpublished)
> (upholding the dismissal of a Social Security appeal for failure to prosecute
> where the plaintiff had not served summons and did not show cause for his
> failure to do so).

> NOW, THEREFORE IT IS HEREBY ORDERED that on or before
> **February 14, 2025** Plaintiff must either 1) file and serve an opening brief
> upon Defendant, or 2) file a response to this Order show good cause for
> having failed to file an opening brief.

(Dkt. 13) (bold and underline in original). Thereafter, Plaintiff filed a two-page hand-

written brief taking issue with the ALJ's decision in multiple respects. (Dkt. 14).

Defendant responded that substantial evidence supported the ALJ's assessment of

Plaintiff's disability claim. (Dkt. 17).

The Court recognizes that "a document filed *pro se* is to be liberally construed,

and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotations and citations

omitted). Nevertheless, the Court will not address issues that are not argued with any

specificity. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1166 n.2 (9th Cir.

**MEMORANDUM DECISION AND ORDER - 6**

2008) (failure to address the ALJ's findings "with any specificity" in briefing constitutes waiver); *see Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[C]laimant carries the initial burden of proving disability."). At bottom, unsupported allegations that the ALJ committed legal error, or that the ALJ's determination is not supported by substantial evidence, is not enough. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (holding that the Ninth Circuit "has repeatedly admonished that we cannot 'manufacture arguments for appellant'" and will only review "issues which are argued specifically and distinctly in a party's opening brief") (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) (further noting: "Judges are not like pigs, hunting for truffles buried in briefs.")); *see also Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 (9th Cir. 2001) (finding that the appellant's failure to develop his argument rendered it incapable of assessment by the court).

After reviewing Plaintiff's briefing, the Court understands Plaintiff to dispute the ALJ's findings in three substantive respects: (1) the ALJ failed to adequately consider his subjective symptom statements provided during the hearing, (2) the RFC did not provide limitations consistent with the symptoms Plaintiff alleges, and (3) the jobs identified by the ALJ that Plaintiff could perform are not available in the area in which he resides. (Dkt. 14).

**MEMORANDUM DECISION AND ORDER - 7**

1.  **The ALJ Provided Clear and Convincing Reasons to Discount Plaintiff's Symptom Testimony.**

First, Plaintiff contends that the ALJ's decision was made without adequately considering his subjective symptom reports.[4] (Dkt. 14 at 2). Defendant maintains that the ALJ properly found Plaintiff's symptom testimony to be inconsistent with the medical evidence and other evidence in the record. (Dkt. 17 at 2).

Where the record contains objective medical evidence "establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains" and there has not been an affirmative finding of malingering, a claimant's subjective symptom testimony may only be rejected for clear and convincing reasons. *Carmickle*, 533 F.3d at 1160. The clear and convincing standard does not require this Court to be convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ summarized Plaintiff's testimony at the hearing where he stated he had difficulty standing at his previous job as a cook, he was able to lift 25 pounds, stand for 45 minutes at a time, walk a block and a half, and sit for 20 to 30 minutes at time. (AR 18, 41-44). Plaintiff reported that he uses a cane every day for walking and balancing, he takes only Tylenol for medication, and he went to physical therapy for a

---

[4] Plaintiff cited to the hearing transcript within the administrative record (AR 33-84) and stated that his testimony did "not [let him] explain everything in detail that is going on," and that "it seem[ed] like a decision was made based on what the other person was saying and had no bas[is] on what [he] was reporting." (Dkt. 14 at 2). The Court understands Plaintiff's argument to be related to the ALJ's evaluation of his subjective symptom testimony.

month following his spinal cord stimulator placement. (AR 18). The ALJ ultimately

determined that Plaintiff's statements concerning the intensity, persistence, and effects of

his symptoms were not entirely consistent with the objective medical evidence, Plaintiff's

activities of daily living, and the medical source statements in the record. (AR 22).

The ALJ considered the entirety of the medical evidence in the record and found

that the objective findings failed to provide strong support for Plaintiff's allegations of

disabling symptoms. (AR 18); *see Carmickle*, 533 F.3d at 1161 ("Contradiction with the

medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

However, while an ALJ may consider lack of medical evidence when analyzing

Plaintiff's subjective allegations, "lack of medical evidence cannot form the sole basis for

discounting pain testimony." *Burch*, 400 F.3d at 681.

The ALJ found that while evidence in the record illustrated Plaintiff's back

tenderness, antalgic gait, and ambulation with a cane, providing support for his ongoing

spinal impairment symptoms, the record also detailed Plaintiff's full strength, normal

sensation, negative straight leg tests, and lack of acute distress. (AR 20, 436-37, 442).

The ALJ also cited to records finding that Plaintiff was able to get on and off the exam

table without difficulty, walk on heels and toes, sit comfortably during examinations, and

although he was found to have an antalgic gate, he could and did ambulate without an

assistance device. (AR 20, 249-50, 412). Further, the ALJ discussed records

demonstrating that after placement of his spinal cord stimulator, Plaintiff still had an

antalgic gait, but was able to walk for longer distances, ambulated without an assistive

device, had full strength, and was found to be doing well post-operatively. (AR 20, 405-06, 408-09). Plaintiff reported improved status since placement of the spinal stimulator and no decrease in strength or sensation. (AR 485-86). Medical records from June 2022 detailed that Plaintiff reported less pain since the stimulator placement and had a normal examination of the cervical and lumbar contours. (AR 504-05); *see also Darling v. Kijakazi*, No. 22-35594, 2023 U.S. App. LEXIS 15499, 2023 WL 4103935, at *2 (9th Cir. 2023) (holding that the ALJ provided clear and convincing reasons to discount the claimant's subjective symptom testimony, including "treatment efficacy[] and longitudinal improvement").

The ALJ ultimately found the medical evidence in the record supported the RFC in limiting Plaintiff to sedentary work and providing a limitation for use of his single-point cane. (AR 20). However, the ALJ determined that greater limitations than those provided for in the RFC were not supported by the evidence in the record, specifically noting that Plaintiff was doing well post-operatively, had been released to full duty, and had not been to any of his medical providers since August of 2022. (AR 20); *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (identifying that whether a claimant takes medication for symptoms and whether a claimant fails to seek further treatment as factors for evaluating claimant's testimony). Indeed, the extent of a claimant's treatment is "an important indicator of the intensity and persistence of [a claimant's] symptoms." 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). Based on the foregoing, the Court finds the objective medical evidence in the record, as thoroughly

MEMORANDUM DECISION AND ORDER - 10

analyzed by the ALJ, does not support the severity of Plaintiff's alleged physical symptoms and limitations. As such, this was a valid, clear and convincing reason to reject Plaintiff's subjective complaints.

The ALJ also determined Plaintiff's activities of daily living demonstrated that he is more functional than alleged. (AR 20-21). An ALJ may consider a claimant's activities that undermine his reported symptoms. *Rollins*, 261 F.3d at 857. If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair*, 885 F.2d at 603; *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a) and 416.902(a). "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

Here, the ALJ found Plaintiff's activities of daily living did not support his allegations of disabling symptoms. (AR 20). Plaintiff testified to being able to cook, go shopping, and perform household chores. (AR 45-46). The ALJ noted that some of the physical and mental abilities and social interactions required to perform these activities are the same as those necessary for obtaining and maintaining employment. (AR 21). The Court finds the ALJ's evaluation of Plaintiff's activities during the relevant time period

**MEMORANDUM DECISION AND ORDER - 11**

as inconsistent with his allegations of totally disabling symptoms, to be supported by substantial evidence in the record. As such, this was another clear and convincing reason to discount Plaintiff's subjective symptoms testimony.

Ultimately, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in the evidence. *Richardson v. Perales*, 402 U.S. 389, 400, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842, 852 (1971). The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, and based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case.

## 2. The RFC is Supported by Substantial Evidence in the Record.

Plaintiff next argues that he has additional limitations that were not explicitly included in the RFC. (Dkt. 14). Specifically, Plaintiff's briefing alleges that he is unable to sit or stand for longer than 30 minutes at a time, which he asserts would preclude him from being able to keep a job. (Dkt. 14 at 1). The ALJ here limited Plaintiff to sedentary work in the RFC with additional limitations. (AR 17).

The RFC is the maximum a claimant can do in the workplace despite his or her limitations. 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a); *see also* Social Security Ruling

**MEMORANDUM DECISION AND ORDER - 12**

("SSR") 96-8p, 1996 SSR LEXIS 5, 1996 WL 374184, at *1 (July 2, 1996) ("RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."). The ALJ is responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) and 416.946(c). An ALJ's RFC assessment is "based on all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3) and 416.945(a)(3); *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributable to the medical condition.'") (citation omitted).

The Court finds that substantial evidence supports the ALJ's RFC assessment. Plaintiff's challenge to the RFC assessment is based solely on his allegation that the ALJ should have credited his subjective symptom statements to include additional limitations in the RFC, which the Court previously addressed above. Plaintiff's argument does not specify what evidence the ALJ failed to consider that would prompt the inclusion of additional limitations other than those provided for in the RFC. *Woods*, 32 F.4th at 794. Plaintiff also does not point to any evidence in the record that supports his assertion that he is able to sit or stand for no longer than 30 minutes at a time, other than his own testimony, which has been deemed to be properly rejected by the ALJ. In fact, the ALJ found Plaintiff capable of only sedentary work, and provided additional limitations

**MEMORANDUM DECISION AND ORDER - 13**

beyond those identified by the state agency consultants to allow Plaintiff to continue to use his cane as an assistive device.

Both state agency consultants found Plaintiff to be able to do sedentary work, including standing or walking for two hours and sitting about six hours in a workday with normal breaks. (AR 113, 123). The ALJ found both opinions to be partially persuasive but included additional limitations to allow for Plaintiff to use an assistance device for ambulating and balancing. (AR 21). The findings of the state agency consultants are not contradicted by the medical records; in fact, the record supports them. Further, Plaintiff does not contend that the ALJ improperly relied on the medical evidence or opinions about his ability to work at the sedentary level. (Dkt. 14). Accordingly, those uncontested opinions amount to substantial evidence in support of the ALJ's RFC assessment. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996).

Although Plaintiff testified at the hearing that he was only able to sit for 30 minutes at a time before needing to change positions, the ALJ is not required to include limitations in the RFC that are not supported by substantial evidence in the record. *Lindstrom v. Kijakazi*, 2022 U.S. App. LEXIS 33188, at *5 (9th Cir. 2022) (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (the ALJ is not required to include all possible limitations in their assessment, but only limitations the ALJ found credible and supported by substantial evidence in the record). Plaintiff fails to identify for the Court any additional limitations that were recommended by a reviewing, examining, or treating physician that should have been included in the RFC.

**MEMORANDUM DECISION AND ORDER - 14**

Here, the ALJ properly evaluated Plaintiff's testimony prior to concluding that Plaintiff is capable of sustaining sedentary work despite his impairments. The Court concludes that the ALJ's construction of Plaintiff's RFC is supported by substantial evidence in the record.

### 3. The Jobs Identified by the ALJ Do Not Need to Exist in Plaintiff's Immediate Area.

Finally, Plaintiff contends that the jobs identified by the ALJ as those he can perform given his age, education, work experience, and RFC, are not available in the area in which he resides. (Dkt. 14 at 1-2). The ALJ found that Plaintiff has the RFC to perform the requirements of an Order Clerk - Food and Beverage, of which there are 63,000 jobs nationally, a Document Preparer, of which there are 17,000 jobs nationally, and a Telemarketer, of which there are 22,000 jobs nationally. (AR 24).

Plaintiff's argument that the jobs identified by the ALJ are not available in the area in which he resides has been previously rejected by the Ninth Circuit. *See Short-Dille v. Astrue*, 344 Fed. Appx. 387, 390 (9th Cir. 2009); *see also Barker v. Sec. of Health and Human Servs.*, 882 F.2d 1474, 1479 (9th Cir. 1989). An individual will be determined to be under a disability if his impairments are of such a severity that not only is he unable to do his previous work, but considering his age, education, and work experience, cannot "engage in any other kind of substantial gainful work which exists in the national economy, *regardless of whether such work exists in the immediate area in which he lives,*

or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

As such, in evaluating whether Plaintiff can perform work that exists in the national economy, the ALJ need not consider "whether such work exists in the immediate area in which he lives." 42 U.S.C. § 1382c(a)(3)(B); 42 U.S.C. § 423(d)(2)(A). The Court finds that Plaintiff has not demonstrated that the ALJ erred as to step five, and his argument here is not an adequate basis for remand.

## CONLCUSION

Based on the above, the Court finds the Commissioner's decision is supported by substantial evidence and reflects the application of correct legal standards. The decision will be affirmed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Commissioner's decision finding that the Plaintiff is not disabled within the meaning of the Social Security Act is **AFFIRMED** and the Complaint (Dkt. 1) is **DISMISSED**.

DATED: April 9, 2025

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 16**